UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | | |
|---|---|---|
| **PRISCA MILLSAP** on behalf of herself and Others similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case no: 5:25-cv-4090 |
| **HIRERIGHT, LLC,** | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Prisca Millsap, ("**Plaintiff**") on behalf of herself and those similarly situated, by and through Plaintiff's attorney, and brings the following action against Defendant, Hireright, LLC, ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

**PRELIMINARY STATEMENTS**

1. Defendant has knowledge that it must comply with the FCRA.

2. Defendant produces background screening reports to third-party entities for employment purposes.

3. Defendant produces background screening reports to third-party entities for employment purposes for a fee.

4. The information produced in reports by the Defendant to third parties for employment purposes are defined as Consumer Reports (as the term is defined pursuant to the FCRA).

5. Defendant is a Consumer Reporting Agency (as a "Consumer Reporting Agency" is defined pursuant to the FCRA).

6. The reports produced by the Defendant, concerning the Plaintiff and other members

of each Putative Class, contained items which were matters of public record and were likely to have an adverse effect on a consumer's ability to obtain employment.

7. The reports provided by the Defendant contained information that would mislead the reader.

8. Defendant's production of misleading Consumer Reports results in an inaccurate report.

9. Defendant's production of inaccurate Consumer Reports violates 15 U.S.C. §1681e(b).

10. Plaintiff brings this action on behalf of herself and similarly situated consumers for violations of the FCRA.

11. Plaintiff, on behalf of herself, and all other members of each Putative Class, seeks statutory damages, punitive damages, costs and attorneys' fees, as set forth under 15 U.S.C. §1681n(a) and all other available relief as allowed by law.

## PARTIES

12. Plaintiff is a resident of Leavenworth, Kansas. Plaintiff is a member of the Putative Classes defined below

13. Defendant Hireright, LLC is a foreign company doing business in Kansas and can be served by serving its registered agent, Legalinc Corporate Services Inc. at 2611 SW 17th St Suite 223, Topeka, KS 66604.

14. On information and belief, Defendant has produced more than 1000 consumer reports for employment purposes in the past two years.

## JURISDICTION AND VENUE

15. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

16. Venue is proper in this Court pursuant to § 28 U.S.C. § 1391. Plaintiff lives in Kansas, applied to work in Kansas, Plaintiff's Consumer Report was requested in Kansas, the report was sent to Kansas and her claims arise in substantial part in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

## LEGAL AUTHORITY

17. Section 1681e(b) of the FCRA dictates the standard a consumer reporting agency is required to uphold when producing Consumer Reports as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18. The purpose of the FCRA accuracy provision is to address the impact of the Consumer Reports produced by a consumer reporting agency and to ensure that the policies and procedures used to prepare the Consumer Report results in maximum possibly accuracy of the information contained within the reports produced to third parties to avoid adverse effects to the consumer.

## FACTUAL ALLEGATIONS

19. Plaintiff applied for employment with a third-party entity in or about March of 2025.

20. Defendant provided the third-party entity with a report concerning the Plaintiff.

21. According to the Consumer Report provided by the Defendant, the report was provided to National General Insurance Company (hereinafter referred to as "**NGIC**") an Allstate

company.

22. Defendant charged NGIC a fee for the report.

23. The manner in which Defendant prepared and produced the report provided to NGIC is consistent with its policies and practices.

24. Defendant's report provided to NGIC on the Plaintiff is inaccurate.

25. Defendant's report provided to NGIC on the Plaintiff is inaccurate in multiple sections of the report.

26. Defendant's report violates 15 U.S.C. §1681e(b).

27. Defendant's report fails to achieve maximum possible accuracy.

28. Defendant's report omits information that a reasonable employer would need to know.

29. Omitting relevant information from Plaintiff's report is not a reasonable procedure to assure maximum possible accuracy.

30. Defendant's omission of relevant information from the Plaintiff's report is evidence that the Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information.

31. The report produced by the Defendant states that the Plaintiff did not receive her degree or diploma.

32. Defendant requested proof from the Plaintiff that she had a degree or diploma on April 11, 2025 at 7:40 am.

33. According to the Plaintiff's Consumer Report the Defendant completed the education section on April 11, 2025 at 7:41 am.

34. Plaintiff reached out to Parchment for verification of her education on April 11.

35. On April 14, 2025 the Plaintiff notified NGIC that the education verification was delayed but she was in the process of obtaining the information.

36. On April 18, 2025 the Plaintiff forwarded a copy of her transcript to NGIC which shows a graduation date of June 3, 2004.

37. NGIC confirmed receipt of the Plaintiff's transcript on April 18.

38. Plaintiff sent a message to the Defendant on April 22, 2025, to ensure that the transcript had been provided to the Defendant by NGIC.

39. A customer service representative of the Defendant replied to the Plaintiff's message that the transcript was received on April 21, 2025, but that was more than 7 business days after the initial request, so the report was closed showing a discrepancy in dates attended and degree information.

40. Seven business days from the April 11 notice provided to the Plaintiff would have been April 22.

41. Plaintiff was never provided notice that she had seven business days to correct the inaccurate information.

42. Defendant has failed to assure the maximum possible accuracy of its reporting of education records before selling the data and its reports to prospective employers.

43. The Consumer Report the Defendant produced to NGIC shows that the Plaintiff failed to graduate and obtain a degree.

44. The Consumer Report produced by the Defendant is inaccurate because the Plaintiff did graduate and receive a degree.

45. The Consumer Report produced by the Defendant is in conflict with the transcript that the Plaintiff provided to the Defendant.

46. A procedure that ignores relevant evidence received before publication that causes a Consumer Report to achieve less than maximum possible accuracy is unreasonable.

47. Producing a Consumer Report that indicates a consumer lacks a degree or diploma is adverse and inaccurate when the consumer has received a degree or diploma.

48. Inaccurately reporting educational achievements is harmful to the reputation of the Plaintiff and other Putative Class members.

49. Inaccurately reporting educational achievements is harmful to the employment chances of the Plaintiff and other Putative Class members.

50. The Consumer Report also contains inaccuracies regarding the Plaintiff's criminal history.

51. Plaintiff's Consumer Report indicates that a charge of driving while suspended that was received in October of 2014 is pending.

52. The Wyandotte County public portal, a government maintained criminal record database available to the public, lists the charge as closed with a disposed of date of 1/08/2015. (See Exhibit 1)

53. The Consumer Report produced by the Defendant is in direct conflict with the information publicly available on the Wyandotte County government public portal. ( See Exhibit 1 Wyandotte County Public Portal Print)

54. Defendant's failure to indicate the past charge as closed or disposed rather than pending is harmful to the Plaintiff's reputation.

55. Defendant's policy of reporting criminal history as pending that has been disposed is harmful to consumers.

56. Reporting criminal history in a manner that conflicts with government records is

adverse to consumers' interest.

57. It is an unreasonable procedure to report criminal history in such a manner that the information in the report conflicts with information maintained on a publicly available government database.

58. Including criminal information in a Consumer Report that conflicts with information maintained on publicly available government database does not achieve maximum possible accuracy.

59. Defendant's report has threatened the Plaintiff's livelihood.

60. Defendant's report caused the Plaintiff to lose wages.

61. Defendant's report harmed the Plaintiff's reputation.

62. Defendant's report harmed the Plaintiff causing emotional distress and anxiety.

63. A written agreement addressing the production of Consumer Reports exists between NGIC and the Defendant.

64. The written agreement between NGIC and the Defendant required the Defendant to produce reports that complied with the FCRA.

65. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that the Defendant's violations were in negligent and reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

66. Plaintiff asserts the following classes:

**Education Class:** All individuals who were the subject of one or more Consumer Reports that failed to accurately report the proper level of education achieved by the consumer for the period of the previous two years prior to the date of filing, through the conclusion of this matter

**Criminal History Class:** All individuals who were the subject of one or more

Consumer Reports that failed to accurately report that criminal charges were no longer pending for the period of the previous two years prior to the date of filing, through the conclusion of this matter

**Numerosity**

67. The proposed classes are so numerous that joinder of all members of each class is impracticable. Defendant regularly produces Consumer Reports on individuals to third parties for employment purposes. On information and belief, Defendant has produced more than 1000 Consumer Reports using the same policies and procedures during the relevant class periods. Defendant fails to comply with the accuracy mandates of the FCRA. Plaintiff believes that at least 100 individuals would fall within the definition of the Putative Classes.

**Common Questions of Law and Fact**

68. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual members of each class. Among the questions of law and fact common to the classes are:

a. Whether the Defendant produced reports that contain inaccuracies in violation of 1681e(b);

b. Whether the Defendant maintains reasonable procedures designed to ensure maximum possible accuracy;

c. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

d. The proper measure of damages.

**Typicality**

69. Plaintiff's claims are typical of the members of the proposed classes. Defendant is a Consumer Reporting Agency that produces Consumer Reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other members of each class and the Defendant treated

Plaintiff consistent with other members of each Putative Class in accordance with its standard policies and practices.

**Adequacy of Representation**

70. Plaintiff, as a representative of the classes, will fairly and adequately protect the interests of the Putative Classes and has no interest that conflict with or are antagonistic to the interest of the members of each class. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between Plaintiff and members of the classes.

**Superiority**

71. A class action is superior to any other available method for the fair and efficient adjudication of this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

72. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member of each class's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

73. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the classes, so that any final relief is appropriate respecting the classes as a whole.

74. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action

superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and procedures, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Defendant, as the amount of each member of each class's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all members of each Putative Class's claims in a single forum.

75. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential members of each class are available from Defendant's records.

**Count I**
**15 U.S.C § 1681e(b) Violations**

76. Plaintiff incorporates the foregoing paragraphs 12-75 as if fully set forth herein.

77. The report produced by the Defendant contained information that was misleading.

78. The report produced by the Defendant contained information that was inaccurate.

79. A reasonable employer would be confused by Defendant's Consumer Report.

80. A reasonable employer would be misled by Defendant's Consumer Report.

81. Defendant's report casts the Plaintiff in a false light.

82. Defendant's report falsely identified the Plaintiff as an individual who possessed a lesser standard of education than what the Plaintiff achieved.

83. Defendant’s report falsely identified the Plaintiff as an individual with pending charges which is in direct conflict with information publicly available on a government database.

84. Defendant’s report omitted relevant information regarding the Plaintiff’s level of education.

85. Defendant’s report misrepresentation of the Plaintiff’s level of education is harmful to the Plaintiff’s reputation.

86. Defendant’s report misrepresents the Plaintiff’s status of criminal charges and is harmful to the Plaintiff’s reputation.

87. A reasonable employer would consider an applicant who graduated high school as completing a degree requirement.

88. A reasonable employer would consider applicant whose criminal charges were no longer pending in a more favorable light than someone with pending charges.

89. Defendant’s inaccurate and misleading report cast the Plaintiff in a more unfavorable light than would have been if the Defendant had complied with the FCRA.

90. The Defendant’s actions were negligent and/or reckless.

91. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved their report was inaccurate and misleading;

c. Defendant produced a report concerning the Plaintiff that omitted information that was in the Defendant’s possession before the report was produced; and

d. Defendant committed multiple violations of the FCRA by producing a Consumer Report that was both inaccurate and misleading;

92. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

93. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

94. Plaintiff is further entitled to recover costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Holding that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c. Directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Finding that Defendant committed multiple, separate violations of the FCRA;

e. Finding Defendant recklessly violated the provisions of the FCRA;

f. Finding Defendant negligently violated the provisions of the FCRA;

g. Finding that Defendant acted negligently and/or in deliberate or reckless disregard of the rights of the Plaintiff and Putative Class members;

h. Finding that the Defendant's actions meet the standard necessary for an award of statutory damages, punitive damages, and attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Dated: September 4, 2025

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins, Esq MO 61434
Richard Parks, Esq. *(pro hac vice forthcoming)*
Siri & Glimstad LLP
Direct: 929-274-2944
Main: 888-SIRI-LAW
745 Fifth Avenue Suite 500
New York, NY 10151
E: jwatkins@sirillp.com
E: rparks@sirillp.com

*Attorneys for Plaintiff*